IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

MELODY A DAREING, f/k/a
MELODY A. BACAS,

      Plaintiff,

v.

BANK OF AMERICA
CORPORATION and PHELAN
HALLINAN & JONES, LLC,


      Defendants.

CIVIL ACTION NO.
1:14-CV-1525-RWS-LTW

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This case is presently before the Court on Defendant Bank of America Corporation's[1] Motion to Dismiss.  Docket Entry [4].  For the reasons explained below, this Court **RECOMMENDS** that Bank of America Corporation's Motion to Dismiss be **GRANTED IN PART AND DENIED IN PART**.  Docket Entry [4].

---

[1]  Defendant Bank of America Corporation contends that it has been misnamed as a Defendant because Bank of America Corporation is a holding company which does not make, own, or service loans.  Thus, Plaintiff should determine whether she needs to amend her Complaint to name Bank of America, N.A., which Defendant contends is the proper Defendant.

**BANK OF AMERICA CORPORATION'S MOTION TO DISMISS**

## I.    BACKGROUND

Plaintiff Melody A. Dareing (hereinafter "Plaintiff") filed this lawsuit on March 27, 2014, and Bank of America Corporation removed it to this Court on May 19, 2014. Plaintiff's lawsuit includes claims arising out of Defendant Bank of America Corporation's ("BAC") initiation of foreclosure proceedings on Plaintiff's home in Kingston, Georgia, in March 2014.  (Compl. ¶ 31).  On April 1, 1996, Plaintiff obtained a $62,168 residential purchase mortgage loan with Premier Lending Corporation ("Premier") and executed a Security Deed in Premier's favor using the home as collateral.  (Compl. ¶ 9).  Countrywide Home Loans, Inc. acted as the servicer of Plaintiff's loan.  (Compl. ¶ 11).  After BAC purchased Countrywide in 2008, BAC began servicing Plaintiff's loan.  (Compl. ¶ 12).  Around October 17, 2013, Plaintiff's Security Deed was assigned to Bank of America, N.A.  (Compl. ¶¶ 10-11, Ex. C).

Plaintiff states that beginning in November 2006, some of her mortgage payments were misapplied or in some circumstances, not applied at all.  (Compl. ¶ 22).  Plaintiff states that according to BAC's accounting of the loan, starting in November of 2006, without any notice or explanation, BAC began to reverse Plaintiff's timely payments and did not refund, reimburse or credit her for the payment reversals.  (Compl. ¶ 23). Plaintiff states that she notified BAC and Phelan Hallinan & Jones, LLC ("Phelan"), a default servicing law firm who represented BAC in the collection of Plaintiff's alleged mortgage debt, on multiple occasions about the misapplication of her mortgage payments.  (Compl. ¶ 22).  On October 11, 2013, Plaintiff's counsel notified Phelan it

AO 72A
(Rev.8/82)

disputed the amount of debt Bank of America, N.A. claimed that Plaintiff owed on the grounds that Bank of America, N.A. was not her creditor.  Plaintiff's counsel also notified Phelan that Bank of America, N.A. had assessed Plaintiff with unauthorized fees and charges which were not incurred, did not properly credit the payments she made, and did not accept her payments.  (Compl. ¶ 24, Ex. D).  Phelan responded by sending Plaintiff a packet of information, including a loan transaction history report.  (Compl. ¶¶ 25-26).  Plaintiff reviewed the loan transaction history and responded through counsel that many of the payments that she had made to BAC were not accounted for in the loan transaction history.  (Compl. ¶ 27).  Plaintiff attaches to her Complaint numerous copies of checks that she gave to BAC to repay her loan that she asserts were not applied to her loan.  (Compl. ¶ 27, Ex. F).  The total of these checks exceed $12,000.  (Compl., Ex. F).

Plaintiff states that on February 17, 2014, Phelan sent a debt collection communication directly to her even though Phelan was aware that she was represented by counsel.  (Compl. ¶ 29).  Phelan's letter indicated that a foreclosure sale of Plaintiff's residence was scheduled for April 1, 2014.  (Comp., Ex. G).  On March 6, 13, and 20, 2014, BAC and Phelan advertised a Notice of Sale Under Power for Plaintiff's property in the legal organ of Bartow County.  (Compl. ¶ 31).  Plaintiff contends that the Notice of Sale Under Power declared that she was in default for "non-payment of the monthly installments on her loan."  (Compl. ¶ 32).

Plaintiff alleges in Count I of her Complaint that Defendants wrongfully attempted to foreclose on her.  (Compl. ¶¶ 34-45).  In support, Plaintiff contends that Defendants breached the duty to exercise the sale in good faith because they advertised the Notice of Sale Under Power even though her loan was not in default.  (Compl. ¶ 38).  Plaintiff contends that her loan was not in default because BAC improperly reversed payments she made, misapplied loan payments, and did not apply some of her loan payments.  (Compl. ¶ 38).  Plaintiff further contends that Defendants improperly published the Notice of Sale Under Power, even though they knew that it contained untruthful information about her financial condition.  (Compl. ¶ 43).  Plaintiff claims that as a result, her credit has been damaged, making it much more difficult for her to obtain credit.  (Compl. ¶ 43).  Plaintiff further contends that she challenged the non-judicial foreclosure sale and has incurred attorneys' fees in opposing the foreclosure of her residence.  (Compl. ¶ 42).

Plaintiff alleges in Count II of her Complaint that BAC should be enjoined from foreclosing on her property because BAC has falsely declared her loan to be in default and BAC, as the mere servicer of her loan, does not have the right to foreclose on her property.  (Compl. ¶¶ 46-53).  In Count III, Plaintiff seeks a declaration pursuant to O.C.G.A. §§ 9-4-2 that "BAC does not have legal standing or the proper legal equitable interest in the Security Deed or the Property to institute or maintain a non-judicial foreclosure after a false declaration of the default."  (Compl. ¶¶ 54-58).

4

In Count IV of Plaintiff's Complaint, Plaintiff contends that both Defendants violated Section 1692c(a)(2) of the Fair Debt Collection Practices Act when they communicated directly with her knowing that she was represented by an attorney since she had not consented to directly communicating with them.  15 U.S.C. § 1692c(a)(2). (Compl. ¶ 64).   Plaintiff further contends that BAC intentionally made false representations regarding the character, amount, or legal status of her loan in violation of 15 U.S.C. §§ 1692e(2)(A), (10) when BAC (1) declared her in default even though it had received timely and complete payments; (2) reversed timely and complete loan payments without notice, explanation, or reimbursement of the money she had paid it; and (3) failed to accurately provide her with the exact amount of debt owed.  (Compl. ¶¶ 65-69).  Plaintiff alleges BAC used unconscionable means to collect a debt in violation 15 U.S.C. § 1692f when it declared her loan to be in default and improperly added false default and foreclosure fees with the intent to collect more money than actually owed under the loan. (Compl. ¶¶ 65-69).  Plaintiff states that as a result, she has suffered emotional distress, incurred attorneys' fees and costs, and paid BAC money in reliance upon its false, misleading, and harassing debt collection activities.  (Compl. ¶¶ 70-71).

In Counts V and VI, Plaintiff alleges BAC should be liable for punitive damages for making willful and fraudulent misrepresentations with specific intent to harm her and that she should be able to recover for her attorneys' fees and expenses of litigation. (Compl. ¶¶ 72-75).   Finally, in Count VII, Plaintiff asserts that BAC should be

AO 72A
(Rev.8/82)

restrained from conducting a non-judicial foreclosure sale on April 1, 2014.  (Compl. ¶ 77).

BAC argues in its Motion to Dismiss that Plaintiff's wrongful attempted foreclosure claim should be dismissed because (1) given that Plaintiff alleges she has "been attempting to make timely and complete payments on her loan," Plaintiff has implied that she has not been able to make all of her required payments; thus any statement in the Notice that Plaintiff failed to make payments on her loan is accurate. Defendant further argues damages to Plaintiff's credit reputation are precluded by the Fair Credit Reporting Act, 15 U.S.C. § 1681t(b)(1)(F).  BAC also contends that Plaintiff's FDCPA claims should be dismissed because it is not a debt collector and because foreclosing on a security interest is not debt collection activity.  BAC also contends that Plaintiff's claim for Declaratory Relief should be dismissed because Plaintiff only seeks a declaration as to the propriety of past alleged events rather than an immediate threat of future injury.  BAC contends that Plaintiff's claim for injunctive relief fails because (1) she has not demonstrated a substantial likelihood of success on the merits of her substantive claims; (2) Plaintiff's claim that Bank of America, N.A. is not her secured creditor is meritless because she attaches an Assignment of the Security Deed to Bank of America, N.A.; and (3) Plaintiff has not tendered the amount owed under her loan.  Finally, Defendant contends that because Plaintiff's underlying claims fail, she has not stated cognizable claims for punitive damages and attorneys' fees.

## II.  **LEGAL ANALYSIS**

### A.  **12(b)(6) Motion to Dismiss Standard**

Dismissal is warranted under Rule 12(b)(6) if, assuming the truth of the factual allegations of the plaintiff's complaint, there is a dispositive legal issue which precludes relief or it is based on an indisputably meritless legal theory.  <u>Neitzke v. Williams</u>, 490 U.S. 319, 326 (1989); <u>Brown v. Crawford Cnty.</u>, 960 F.2d 1002, 1009-10 (11th Cir. 1992).  A Rule 12(b)(6) motion to dismiss also tests the sufficiency of the complaint against the legal standard set forth in Rule 8: "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  A complaint "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007).  To state a claim with sufficient specificity requires that the complaint have enough factual matter taken as true to suggest required elements of the claim.  <u>Watts v. Fla. Int'l Univ.</u>, 495 F.3d 1289, 1296 (11th Cir. 2007); <u>Hill v. White</u>, 321 F.3d 1334, 1335 (11th Cir. 2003).  Factual allegations in a complaint need not be detailed but "must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." <u>Twombly</u>, 550 U.S. at 555 (citing <u>Swierkiewicz v. Sorema N.A.</u>, 534 U.S. 506, 508 n.1 (2002)).

7

B.    **Wrongful Attempted Foreclosure Claim**

Plaintiff contends in Count I of her Complaint that Defendants wrongfully attempted to foreclose on her. (Compl. ¶¶ 34-45). In support, Plaintiff contends that Defendants breached the duty to exercise the sale in good faith because they advertised the Notice of Sale Under Power which contained untruthful information about her financial condition even though her loan was not in default. (Compl. ¶¶ 38, 43). Plaintiff claims that as a result her credit has been damaged, making it much more difficult for her to obtain credit. Plaintiff further contends that she hired an attorney to challenge the foreclosure sale and as a result, incurred attorneys' fees. (Compl. ¶ 42). BAC contends that Plaintiff's wrongful attempted foreclosure claim should be dismissed because (1) given that Plaintiff alleges she has "been attempting to make timely and complete payments on her loan," Plaintiff has implied that she has not been able to make all of her required payments; thus any statement in the Notice that Plaintiff failed to make payments on her loan is accurate; (2) damages to Plaintiff's credit reputation are precluded by the Fair Credit Reporting Act, 15 U.S.C. § 1681t(b)(1)(F).

Georgia courts "have recognized a cause of action for wrongful attempted foreclosure when a foreclosure action was commenced, but not completed, where plaintiffs have shown that a defendant 'knowingly published an untrue and derogatory statement concerning the plaintiffs' financial condition and that damages were sustained as a direct result.'" Morgan v. Ocwen Loan Servicing, LLC, 795 F. Supp. 2d 1370, 1377 (N.D. Ga. 2011) (citing Sale City Peanut & Milling Co. v. Planters & Citizens

<u>Bank</u>, 107 Ga. App. 463 (1963)).  BAC argues Plaintiff has not alleged that it knowingly published an untrue and derogatory statement about her financial condition.  In support, BAC contends that any statement it made that Plaintiff has not been able to make all of her required payments is true because Plaintiff implies that she did not make timely or complete loan payments when she stated in her Complaint that she has been attempting to make timely and complete loan payments.

This Court disagrees with BAC.  Plaintiff states in her Complaint that on March 6, 13, and 20, BAC caused a Notice of Sale Under Power to be advertised in the legal organ of Bartow County, the Daily Tribune News.  (Compl. ¶ 31).  Plaintiff attaches a copy of the Notice of Sale Under Power to her Complaint.  (Compl. ¶ 29, Ex. G).  The Notice of Sale Under Power provides in part that Plaintiff's "debt secured by said Deed to Secure Debt has been and is hereby declared due because of, among other possible events of default, non-payment of the monthly installments on said loan.  The debt remaining in default, this sale will be made for the purpose of paying the same and all expense of this sale, including attorney's fees."  (Compl., Ex. G).  Plaintiff, however, contends that contrary to the Notice of Sale Under Power, she was not in default on her loan for non-payment of monthly installments.  (Compl. ¶¶ 32, 38, 40, 41).  In fact, Plaintiff states that she has informed BAC on numerous occasions that her payments have been misapplied or not applied at all.  (Compl. ¶¶ 22-23, 27-28, Ex. F).  Plaintiff further attaches copies of checks used to make numerous payments to BAC which she maintains were not applied.  (Compl. ¶ 27, Ex. F).  Although some of these copies are

illegible, it appears that the total amount of these checks, at a minimum, exceed $12,000. (Id.).

Furthermore, this Court cannot agree with BAC that Plaintiff's statement that she has been attempting to make "timely and complete payments on her loan" implies that she has not been able to make her required payments and was therefore in default. (Compl. ¶ 21). The next two paragraphs of Plaintiff's Complaint logically explain why Plaintiff said she "has in good faith attempted to make timely and complete payments on her loan." In the next few paragraphs, Plaintiff explains that BAC misapplied her payments or did not apply her payments at all, and sometimes without notice or explanation, reversed her payments. (Compl. ¶¶ 22-23, 27-28). Thus, Plaintiff has alleged sufficient facts to make it plausible that she was not in default when the Notice of Sale was published in the newspaper and that the Notice's statement that Plaintiff's loan was in default due to non-payment of the monthly installments was false.

BAC further contends that to the extent that Plaintiff seeks damages for harm to her credit reputation based on inaccurate credit reporting, such damages are preempted by the Fair Credit Reporting Act, 15 U.S.C. § 1681t(b)(1)(F) ("FCRA"). Plaintiff responds that she did not even mention her credit report as the source of inaccuracies and thus, the FCRA has no preclusive effect on her damages. Instead, Plaintiff alleges in response to BAC's Motion to Dismiss that "credit reputation in a small county and town such as Bartow County and Kingston, Georgia is more than a credit bureau's credit report." Plaintiff goes on to state that as a result of BAC's publication of untrue and

derogatory statements, she has suffered mental anguish, financial damages, reputation damages, and incurred attorneys' fees.  BAC does not reply to Plaintiff's response. Under Section 1681t(b)(1)(F), no requirement or prohibition may be imposed under the laws of any state with respect to the subject matter regulated by Section 1681s-2 of the FCRA, which relates to the responsibilities of persons who furnish information to consumer reporting agencies.  15 U.S.C. § 1681t(b)(1)(F).  Because Plaintiff states that she is not seeking damages based on information included within her credit report or information furnished by BAC to credit reporting agencies, BAC's argument on this point is inapplicable.

### C.   Plaintiff's Claim for Injunctive Relief

Plaintiff contends in Count II of her Complaint that BAC should be enjoined from foreclosing on her property because BAC has falsely declared her to be in default and BAC, as the servicer of her loan, does not have the right to foreclose on her property. Finally, in Count VII, Plaintiff argues BAC should be restrained from conducting a non-judicial foreclosure sale on April 1, 2014, or any time thereafter.  (Compl. ¶ 77).  BAC contends that Plaintiff's claim for injunctive relief fails.  In support, BAC argues that (1) Plaintiff has not demonstrated a substantial likelihood of success on the merits of her claim because she has failed to state a claim upon which relief can be granted on each of her substantive claims; (2) Plaintiff's allegations that Bank of America, N.A. is not her secured creditor is meritless because she attaches an Assignment of the Security Deed to Bank of America, N.A., and (3) Plaintiff has not tendered the amount owed

11

under her loan.

    1.    <u>Success on the Merits</u>

A movant must establish the following four factors before a court will grant a party's motion for a temporary restraining order or a preliminary injunction: (1) a substantial likelihood of success on the merits; (2) irreparable injury will be suffered if the relief is not granted; (3) the threatened injury outweighs the harm the relief would inflict on the non-movant; and (4) entry of relief would serve the public interest. <u>See KH Outdoor, LLC v. City of Trussville</u>, 458 F.3d 1261, 1268 (11th Cir. 2006); <u>Schiavo v. Schiavo</u>, 403 F.3d 1223, 1225-26 (11th Cir. 2005); <u>Am. Red Cross v. Palm Beach Blood Bank, Inc.</u>, 143 F.3d 1407, 1410 (11th Cir. 1998). "The standard for a permanent injunction is essentially the same as for a preliminary injunction except that the plaintiff must show actual success on the merits instead of a likelihood of success." <u>See Siegle v. LePore</u>, 234 F.3d 1163, 1213 (11th Cir. 2000).

With respect to the elements Plaintiff must prove to establish her entitlement to injunctive relief, BAC only cursorily challenges whether Plaintiff has a substantial likelihood of success on the merits. In support, BAC argues Plaintiff cannot establish a likelihood of success on the merits because her cause of action for wrongful attempted foreclosure fails on the merits. As discussed above, this Court cannot conclude that Plaintiff's wrongful attempted foreclosure claim fails on the merits. Moreover, this Court cannot conclude at this juncture that Plaintiff's claim for a permanent injunction will be unsuccessful on the merits. In Georgia, a debtor may seek an injunction to

prevent a foreclosure sale from being completed where the foreclosure would be wrongful. Jenkins v. McCalla Raymer, Inc., 492 F. App'x 968, 972 (11th Cir. 2012); Jordan v. CitiMortgage, Inc., No. 1:11-CV-565-WSD, 2014 WL 695211, at *6 n.5 (N.D. Ga. Feb. 24, 2014); Morgan v. Ocwen Loan Serv., LLC, 795 F. Supp. 2d 1370, 1377 (N.D. Ga. 2011).

In this case, Plaintiff alleges sufficient facts to show that an impending foreclosure sale based on the previously alleged default would be wrongful. Under Georgia law, a foreclosure is wrongful where the foreclosing party breached a legal duty owed to the party being foreclosed upon, a causal connection between the breach of that duty, and the injury sustained, and resulting damages. Nicholson v. OneWest Bank, No. 1:10-CV-0795-JEC/AJB, 2010 WL 2732325, at *3 (N.D. Ga. Apr. 20, 2010); All Fleet Refinishing, Inc. v. West Ga. Nat. Bank, 280 Ga. App. 676, 681 (2006); Heritage Creek Dev. Corp. v. Colonial Bank, 268 Ga. App. 369, 371 & n. 4 (2004) (citing Calhoun First Nat. Bank v. Dickens, 264 Ga. 285, 286 (1994)). A violation of the foreclosure statute is necessary to establish the breach of duty amounting to wrongful foreclosure. See O.C.G.A. §§ 23-2-114, 44-14-160 et seq.; McCarter v. Bankers Trust Co., 247 Ga. App. 129, 132 (2000); Clark v. West, 196 Ga. App. 456, 456-57 (1990). O.C.G.A. § 23-2-114 places creditors under the duty to exercise the power of sale fairly. When the grantee does not comply with the statutory duty to exercise the power of sale in a deed to secure debt fairly, the debtor may sue for wrongful foreclosure. Stimus v. CitiMortgage, Inc., No. 5:10-CV-435(MTT), 2011 WL 2610391, at *6 (M.D. Ga. July 1, 2011); DeGolyer

13

v. Green Tree Serv., LLC, 291 Ga. App. 444, 448-49 (2008).  A claim for wrongful exercise of a power of sale under O.C.G.A. § 23-2-114  arises when the creditor has no legal right to foreclose.  Chung v. JP Morgan Chase Bank, N.A., 975 F. Supp. 2d 1333, 1341 (N.D. Ga. 2013); DeGolyer, 291 Ga. App. at 449.  Thus, where the foreclosing party exercises the power of sale when the debtor is not in default, the foreclosing party has breached the duty to exercise fairly the power of sale.  Chung, 975 F. Supp. 2d at 1341; Adams v. Mortg. Elec. Registration Sys. Inc., No. 1:11-CV-04263-RWS, 2012 WL 1319453, *7 (N.D. Ga. Apr. 16, 2012).

Under the circumstances of this case, this Court cannot conclude at this time that Plaintiff will not have success on the merits of her claim for injunctive relief.  Plaintiff's Complaint alleges sufficient facts making it plausible that the foreclosing entity will breach the duty to exercise the power of sale in good faith if it attempts to foreclose on Plaintiff's property based on the previous alleged default because Plaintiff maintains that she was not in default on her mortgage.

## 2.    Tender Is Not Required at this Time

Additionally, BAC's argument that Plaintiff failed to tender what was owed under her Note does not defeat Plaintiff's claim for injunctive relief for purposes of BAC's Motion to Dismiss.  Under Georgia law, before a plaintiff is entitled to equitable relief, the plaintiff "must do equity and give effect to all equitable rights in the other party respecting the subject-matter of the suit."  Sapp v. ABC Credit & Inv. Co., 243 Ga. 151, 158 (1979).  Thus, "a debtor who executes a security deed and defaults on a loan cannot

enjoin foreclosure, or otherwise obtain equitable relief to cancel the deed, unless the debtor has first paid or tendered the amount due on the loan." Edward v. BAC Home Loans Serv., L.P., 534 F. App'x 888, 892 (11th Cir. 2013) (citing Taylor, Bean & Whitaker Mortg. Corp. v. Brown, 276 Ga. 848 (2003)); Peterson v. Merscorp Holdings, Inc., No. 1:12-CV-00014-JEC, 2012 WL 3961211, at *8 n.3 (N.D. Ga. Sept. 10, 2012) (explaining that "a debtor who executes a security deed and defaults on a loan cannot enjoin foreclosure, or otherwise obtain equitable relief to cancel the deed, unless the debtor has first paid or tendered the amount due on the loan"); Ceasar v. Wells Fargo Bank, 322 Ga. App. 529, 532-33 (2013) (explaining that because the plaintiffs admittedly fell behind on their mortgage payments and they did not tender the balance due on their loan, the trial court did not err in dismissing their wrongful foreclosure claim). This is because "he who would have equity must do equity." Sapp, 243 Ga. at 158.

        In this case, however, equity does not demand that Plaintiff tender the full amount of indebtedness owed under her loan. Viewing the facts as alleged in the Complaint as true and the reasonable inferences therefrom, Plaintiff is not in default and therefore, came to court with clean hands. (Compl. ¶¶ 22-24, 27-28, 32-33, 38, 39, 40). This Court has not found any authority requiring Plaintiff to tender the full amount of indebtedness when the debtor is not in default. Requiring tender under these circumstances seems particularly inequitable as BAC is allegedly pursuing foreclosure when it does not have any legal right to do so under the terms of the Security Deed it

executed.  Dumas v. Burleigh, 209 Ga. 241, 244 (1952) (explaining that party seeking equitable relief must tender the amounts due before filing suit unless tender should be excused upon some equitable ground).  Thus, tender would place BAC in a better position than BAC has a legal right to be under the terms of the Security Deed because based on the facts of the Complaint, BAC has no justification for acceleration of Plaintiff's loan and is only entitled to monthly payments at this time.  On the other hand, tendering the entire indebtedness owed would place Plaintiff in a worse position because assuming that Plaintiff is not in default, she is entitled to just make regular monthly payments instead of tendering the entire amount due.  Pass v. Pass, 195 Ga. 155, 160 (1942) (not requiring tender because although plaintiff was indebted to defendant, the debt was incurred under a separate note that was not due at the time the equitable suit was instituted and defendant did not allege any facts tending to show that the debt due under the separate note should be accelerated or that there was any basis for requiring that the debt be paid before its due date).  Under these circumstances, the Court cannot agree with BAC that tender of the entire amount of indebtedness is required before Plaintiff is entitled to injunctive relief.

### 3.   Standing to Foreclose

BAC further contends that to the extent that Plaintiff alleges Bank of America, N.A. is not her secured creditor, and therefore, does not have standing to foreclose, Plaintiff's claim is meritless and belied by the Assignment of her Security Deed, which indicates that Bank of America, N.A. now holds the interests in Plaintiff's  Security

Deed.  Plaintiff does not respond to BAC's argument.  Thus, to the extent that Plaintiff is asserting that Bank of America, N.A. does not have standing to foreclose because it is not her secured creditor, Plaintiff has abandoned her claim.  The law is well settled in this circuit that a legal claim or argument that has not been briefed is deemed abandoned and that mentioning an issue without providing specific argument in support is not sufficient.  Dawkins v. Glover, 308 F. App'x 394, 395 (11th Cir. 2009); Seay v. United States, 166 F. App'x 422 (11th Cir. 2006) (Petitioner's mere statement that district court improperly dismissed his complaint on res judicata grounds without any substantive argument in support amounted to abandonment of his claims even though he argued the merits of his underlying claims).  Accordingly, to the extent that Plaintiff was asserting the argument that Bank of America, N.A. is not her secured creditor, and therefore, does not have standing to foreclose as a basis for entitlement to injunctive relief, that portion of Plaintiff's claim should be **DISMISSED**.  Plaintiff's remaining claim for injunctive relief, that BAC should be enjoined from foreclosing on her in the future based on the prior alleged default because she was not in default, however, should not be dismissed for the reasons stated above.

### D.   **Declaratory Relief**

In Count III, Plaintiff seeks a declaration pursuant to O.C.G.A. § 9-4-2 that "BAC does not have legal standing or the proper legal equitable interest in the Security Deed or the Property to institute or maintain a non-judicial foreclosure after a false declaration of the default."  BAC contends that Plaintiff's claim for declaratory relief should be

dismissed because there is no justiciable controversy.  In support, BAC asserts that Plaintiff does not allege facts from which the continuation of the dispute may reasonably be inferred or that there is a real and immediate threat of future injury.  Plaintiff responds that the controversy between BAC and Plaintiff has continued and BAC will again attempt to foreclose on her property without her loan being in default.  Plaintiff further states that there is a substantial likelihood that BAC will again attempt to foreclose on her property in the immediate future because BAC has continued to reject Plaintiff's attempt to make timely and complete payments.

Georgia law provides that declaratory judgment may only be issued in cases of actual controversy.  O.C.G.A. § 9-4-2.  There is a justiciable controversy where a concrete issue is present and there is a definite assertion of legal rights, and a positive legal duty with respect thereto, which are denied by the adverse party.  Higdon v. City of Senoia, 273 Ga. 83, 85 (2000).  Furthermore, a declaratory judgment is authorized when there are "circumstances showing [a] necessity for a determination of the dispute to guide and protect the plaintiff from uncertainty and insecurity with regard to the propriety of some future act or conduct, which is properly incident to his alleged rights and which if taken without direction might reasonably jeopardize his interest."  Baker v. City of Marietta, 271 Ga. 210, 214 (1999).

Federal law also imposes a case or controversy requirement.[2]  The Declaratory

---

[2]  Where the state declaratory judgment law is procedural rather than substantive, the federal Declaratory Judgment Act should be applied, rather than state law.  Incredible Investments, LLC v. Fernandez-Rundle, 984 F. Supp. 2d 1318, 1323-

Judgment Act provides in relevant part:  "In a case of actual controversy within its jurisdiction, any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought."  28 U.S.C. § 2201(a). Congress limited jurisdiction under the Act to actual controversies "in statutory recognition of the fact that federal judicial power under Article III, Section 2 of the United States Constitution extends only to concrete 'cases or controversies.'"  Atlanta Gas Light Co. v. Aetna Cas. & Sur. Co., 68 F.3d 409, 414 (11th Cir. 1995).  "Whether such a controversy exists is determined on a case-by-case basis" and "by the totality of the circumstances."  Id.  The plaintiff must allege facts showing that there is a substantial continuing controversy between adverse parties and facts from which the continuation of the dispute may be reasonably inferred.  Malowney v. Fed. Collection Deposit Grp., 193 F.3d 1342, 1347 (11th Cir. 1999).  "The controversy must be more than conjectural; the case must 'touch . . . the legal relations of parties having adverse legal interests.'"  Atlanta Gas Light Co., 68 F.3d at 414 (quoting U.S. Fire Ins. Co. v. Caulkins Indiantown Citrus Co., 931 F.2d 744, 747 (11th Cir. 1991)).  To determine whether a plaintiff has met this burden, the Court "look[s] to the state of affairs as of the filing of the complaint; a justiciable controversy must have existed at that time."  Id.

This Court concludes that dismissal of Plaintiff's claim for declaratory judgment,

---

24 (S.D. Fla. 2013); Krauser v. BioHorizons, Inc., 903 F. Supp. 2d 1337, 1346 n.6 (S.D. Fla. 2012) (applying federal law to removed state law declaratory judgment claim).

AO 72A
(Rev.8/82)

whether analyzed under state or federal law, would be premature at this time.  Plaintiff's Complaint describes an ongoing controversy beginning in October 2013 concerning the correct application of Plaintiff's payments which culminated in BAC accelerating her debt and falsely declaring her to be in default in March 2014.  (Compl., Ex. D, G). Plaintiff alleges that despite the fact that she informed BAC and Phelan on numerous occasions that her payments were being misapplied or not applied at all starting in November 2006, BAC initiated foreclosure proceedings against her property in 2014. (Compl. ¶¶ 22, 24, 27, 31, 40, Ex. F).  Indeed, at the time Plaintiff's Complaint was filed, a foreclosure sale was scheduled for April 1, 2014.  (Compl., Ex. G).  While it appears that the foreclosure did not actually occur on April 1, 2014, there is no indication within the Complaint that the dispute over the application of Plaintiff's payments has resolved or that BAC has indicated that it will abandon its efforts to foreclose on Plaintiff's property.  Indeed, Plaintiff asserts in response to BAC's Motion to Dismiss that the threat of BAC's future non-judicial foreclosure is not speculative because BAC has rejected her continued attempts to tender payments.  Under these circumstances, Plaintiff has sufficiently alleged an ongoing dispute and facts from which a continuation of the dispute can be inferred.  Furthermore, based on the facts as Plaintiff has alleged them, it is reasonable to infer that BAC will continue to attempt to foreclose on her property in the future until the ongoing dispute is resolved.  See, e.g., Smith v. Bank of Am. Home Loans, 968 F. Supp. 2d 1159, 1166 (M.D. Fla. Aug. 13, 2013) (finding the presence of an ongoing controversy where plaintiffs alleged that their

20

debt was extinguished, but Bank of America continued to try to collect on the debt on a superceding note which was forged, that as a result, plaintiffs made unnecessary payments, and when they did not make payments, they suffered credit consequences that could be traced to Bank of America).

### E.    __Attorneys Fees and Punitive Damages__

BAC contends that Plaintiff's state law claims for punitive damages and attorneys fees should be dismissed because they are derivative of whether Plaintiff prevails on her substantive claims and her substantive state law claims fail.  As discussed above, this Court has determined that Plaintiff has not failed in her efforts to state her claims pursuant to Georgia law.  Thus, Plaintiff's claims for punitive damages and attorneys' fees should not be dismissed on this basis.

### F.    __FDCPA Claim__

Plaintiff alleges BAC violated (1) Section 1692c(a)(2) of the FDCPA when BAC communicated directly with her knowing that she was represented by an attorney; (2) Section 1692e(2)(A) and (10) when BAC intentionally made false representations regarding the character, amount, or legal status of Plaintiff's loan, declared her in default even though it had received timely and complete payments, reversed timely and complete loan payments without notice or explanation, and failed to accurately provide her with the exact amount of debt owed; and (3) Section 1692f when BAC used unconscionable means to collect a debt by falsely declaring Plaintiff in default and adding unwarranted default and foreclosure fees with the intent to collect more money

21

than actually owed.  BAC contends that Plaintiff's FDCPA claims against it should be dismissed because it is not a debt collector and because foreclosing on a security interest is not debt collection activity.

The FDCPA was passed in 1977 in order to protect consumers from unfair debt collection practices.  15 U.S.C. § 1692(e) ("It is the purpose of this subchapter to eliminate abusive debt collection practices by debt collectors . . . [and] to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged . . . ."); Acosta v. Campbell, 309 F. App'x 315, 320 (11th Cir. 2009).  The Act's prohibitions on improper collection methods only apply to debt collectors.  The FDCPA generally precludes "'debt collectors' from making false or misleading representations and from engaging in various abusive and unfair practices." Acosta, 309 F. App'x at 320; see also Heintz v. Jenkins, 514 U.S. 291 (1995).

Thus, in order to state a FDCPA claim, a plaintiff must plausibly allege, among other things, that (1) the defendant is a debt collector, and (2) the challenged conduct is related to debt collection.  Reese v. Ellis, Painter, Ratterree & Adams, 678 F.3d 1211, 1216, 1218 (11th Cir. 2012) (explaining that "in order to state a plausible FDCPA claim under Section 1692e, a plaintiff must allege, among other things . . . that the defendant is a debt collector"); see also Goia v. CitiFinancial Auto, 499 F. App'x 930, 938 (11th Cir. 2012); Knowles v. Am. Home Mortg. Servicing, No. 5:11-CV-01670-AKK, 2012 WL 2357752, at *4 (N.D. Ala. June 18, 2012) ("Finding that J & L may have attempted to collect a debt is only one factor in the analysis.  The court must still address whether

plaintiffs alleged sufficient facts that J & L is a 'debt collector' as defined by [the Act].").  The Act generally defines the term "debt collector" as "any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be *owed or due another*."  15 U.S.C. § 1692a(6).

BAC argues it is not a debt collector because it is Plaintiff's creditor.  BAC further contends that Plaintiff's Complaint only includes conclusory allegations that it is a debt collector.  This Court agrees with BAC that Plaintiff's Complaint does not have sufficient factual support to make it plausible that BAC is a debt collector.  Creditors are usually not debt collectors because the Act describes a debt collector as one who collects debts for another (not itself).  See, e.g., Madura v. Lakebridge Condo. Ass'n, 382 F. App'x 862, 864 (11th Cir. 2010).  Plaintiff maintains, however, that BAC was not her creditor, but rather, her servicer.  (See Compl. ¶ 12 (explaining that in July 2008, Bank of America Corporation purchased Countrywide and presumably took over the servicing of Plaintiff's loan on behalf of the "undisclosed true owner")).  Courts have found that the FDCPA's definition of debt collector typically excludes loan servicers because 15 U.S.C. § 1692a(6)(F) provides that the term debt collector does not include "any person collecting or attempting to collect any debt owed or due or asserted to be owed or due another to the extent such activity . . . concerns a debt which was not in default at the time it was obtained by such person."  Perry v. Stewart Title Co., 756 F.2d 1197, 1208 (5th Cir. 1985); see also Fennello v. Bank of Am., NA, 577 F. App'x 899, 902 (11th Cir.

23

2014); Oppong v. First Union Mortg. Corp., 215 F. App'x 114, 118-19 (3d Cir. 2007); Gardner v. TBO Capital LLC, No. 1:13-CV-2491-WSD, 2013 WL 6271897, at *6 (N.D. Ga. Dec. 4, 2013); Stroman v. Bank of Am. Corp., No. 1:10-CV-4080-AT, 2012 WL 1123730, at *6 (N.D. Ga. Mar. 30, 2012). Conversely, when the loan is in default at the time the loan servicer begins servicing the loan, courts have concluded that a loan servicer may be a debt collector. Bridge v. Ocwen Fed. Bank, FSB, 681 F.3d 355, 366 (6th Cir. 2012); Allen v. Bank of Am. Corp., No. CCB-11-33, 2011 WL 3654451, at *7 n.9 (D. Md. Aug. 18, 2011) (concluding that because BAC serviced loans that were in default at the time they began servicing them, BAC was not excluded from the definition of debt collector under the FDCPA); Weigel v. BAC Home Loans Servicing, LP, No. 09-CV-02546-WDM-KMT, 2011 WL 1135319, at *4 (D. Colo. Mar. 29, 2011) (same). In this case, no facts are alleged showing that BAC falls outside the exclusion for servicers because Plaintiff's Complaint does not include any specific allegations supporting the notion that her loan was in default or that BAC believed her loan to be in default at the time BAC allegedly became her servicer in 2008.

Even if could be inferred that Plaintiff's loan was in default before BAC began servicing her loan, Plaintiff still must establish that BAC meets the statutory definition of debt collector. 15 U.S.C. § 1692a(6). Here, Plaintiff's Complaint does not include enough facts plausibly suggesting that BAC is a debt collector. Instead of providing specific facts suggesting that BAC is a debt collector, Plaintiff's Complaint includes a formulaic recitation of the statutory definition of debt collector. Plaintiff merely states

24

that Defendant BAC is "regularly engaged in the business of collecting debts in this State," that its "principal purpose is the collection of debts using the mails and telephone," and that it "regularly attempts to collect debts alleged to be due another." (Compl. ¶¶ 13-14, 62). Plaintiff does not include any specific facts establishing that BAC's principal purpose is the collection of debt, or facts supporting the notion that BAC regularly collects or attempts to collect, directly or indirectly, debts. See, e.g., White v. Bank of Am., N.A., No. 14-10318, 2014 WL 7356447, at *4 (11th Cir. Dec. 29, 2014) (finding that plaintiff did not plausibly allege defendant was a debt collector where plaintiff only alleged conclusory assertion that defendant "regularly attempted to collect debts"); Barber v. Rubin Lublin, LLC, No. 1:13-CV-975-TWT, 2013 WL 6795158, at *9 (N.D. Ga. Dec. 20, 2013) (concluding that complaint which quoted the definition of debt collector and stated that defendant was one did not survive motion to dismiss because complaint's allegations were formulaic legal conclusions and devoid of factual content).

Plaintiff, in conclusory fashion, also states in her Complaint that "[p]ursuant to numerous correspondences sent from BAC to Plaintiff, BAC is a debt collector." (Compl. ¶ 15). Plaintiff does not explain how such correspondence establishes that BAC was a debt collector, but to the extent that Plaintiff's argument is that BAC identified itself as a debt collector in its correspondence, Plaintiff's allegations would not be sufficient to advance her cause. A panel of the Eleventh Circuit has rejected this argument, noting that "[a]n entity cannot transform itself into a debt collector within the

meaning of the FDCPA simply by noting in a letter that it may be considered one under the Act." Fenello, 577 F. App'x at 902; see also Nwoke v. Countrywide Home Loans, Inc., 251 F. App'x 363, 364 (7th Cir. 2007) (holding that lender was not a debt collector even though it identified itself as one because lender's statement had nothing to do whether lender was a debt collector for purposes of the FDCPA). Thus, the Court finds that Plaintiff does not allege sufficient facts within her Complaint plausibly suggesting that BAC is a debt collector. Accordingly, Plaintiff's FDCPA should be **DISMISSED** for failure to state a claim.

### SHOW CAUSE ORDER

Plaintiff filed the instant action on March 27, 2014, and BAC removed it to this Court on May 19, 2014. Docket Entry [1]. This Court observes, however, that there is no proof of service upon Defendant Phelan on file and Phelan has not answered the instant lawsuit. In actions removed from state court where any defendant has not been served with process, process may be completed in the same manner as in cases originally filed in the district court. 28 U.S.C. § 1448. Thus, after removal, Plaintiff may complete service under the provisions of the Federal Rules of Civil Procedure, and sufficiency of service is governed by the federal rules. 28 U.S.C. § 1448; Gardner v. TBO Capital LLC, No. 1:13-CV-2491-WSD, 2013 WL 6271897, at *5 (N.D. Ga. Dec. 4, 2013); Moore v. McCalla Raymer, LLC, 916 F. Supp. 2d 1332, 1339 (N.D. Ga. 2013). Therefore, in a removal action, the plaintiff has 120 days from the date of removal to complete service of process on the defendant. Id.; Moore, 916 F. Supp. 2d at 1340-41;

see also 28 U.S.C. § 1448; Fed. R. Civ. P. 4(m). Accordingly, in this case the Plaintiff had until September 16, 2014, to complete service upon Defendant Phelan. As noted, however, Plaintiff still has not filed proof of service indicating that Defendant Phelan has been served or that it has waived service. See Fed. R. Civ. P. 4(l)(1) ("Unless service is waived, proof of service must be made to the court."). Under Rule 4(m) of the Federal Rules of Civil Procedure, if a defendant is not served within 120 days, the court must dismiss the case without prejudice or order that service be made within a specified time. Fed. R. Civ. P. 4(m). If the plaintiff shows good cause, the court must extend the time for service for an appropriate period. Id.

Accordingly, Plaintiff is **ORDERED** to show cause within fourteen (14) days of the date of this Order why Plaintiff's claims against Phelan should not be dismissed for Plaintiff's failure to timely serve Phelan. **<u>Plaintiff is warned that her failure to respond to this Court's Show Cause Order shall result in a recommendation that her claims against Phelan be dismissed</u>**.

## <u>CONCLUSION</u>

Based on the foregoing reasons, this Court **RECOMMENDS** that Bank of America Corporation's Motion to Dismiss be **GRANTED IN PART AND DENIED IN PART**. Docket Entry [4]. Plaintiff is also **ORDERED** to show cause within fourteen (14) days of the date of this Order why her claims against Phelan should not be dismissed for her failure to timely serve Phelan.

**SO ORDERED, REPORTED AND RECOMMENDED** this <u>18th</u> day of

February, 2015.

/s/ Linda T. Walker
LINDA T. WALKER
UNITED STATES MAGISTRATE JUDGE

28

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

MELODY A DAREING, f/k/a
MELODY A. BACAS,

     Plaintiff,

v.                                                    CIVIL ACTION NO.
                                                      1:14-CV-1525-RWS-LTW

BANK OF AMERICA
CORPORATION and PHELAN
HALLINAN & JONES, LLC,

     Defendants.

## ORDER FOR SERVICE OF REPORT AND RECOMMENDATION

Attached is the report and recommendation of the United States Magistrate Judge made in this action in accordance with 28 U.S.C. § 636 and this Court's Local Rule 72.1C. Let the same be filed and a copy, together with a copy of this Order, be served upon counsel for the parties.

Pursuant to 28 U.S.C. § 636(b)(1), each party may file written objections, if any, to the report and recommendation **within fourteen (14) days of the receipt of this Order**. Should objections be filed, they shall specify with particularity the alleged error or errors made (including reference by page number to the transcript if applicable) and shall be served upon the opposing party. The party filing objections will be responsible for obtaining and filing the transcript of any evidentiary hearing for review by the district court. If no objections are filed, the report and recommendation may be adopted

AO 72A
(Rev.8/82)

as the opinion and order of the district court and any appellate review of factual findings will be limited to a plain error review.  United States v. Slay, 714 F.2d 1093 (11th Cir. 1983), cert. denied 464 U.S. 1050 (1984).

The Clerk is directed to submit the report and recommendation with objections, if any, to the district court after expiration of the above time period.

**SO ORDERED**, this 18th day of February, 2015.


/s/ Linda T. Walker
LINDA T. WALKER
UNITED STATES MAGISTRATE JUDGE